IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERMAN WILLIAMS, | ) |
|           Plaintiff, | ) Case No.: 23-CV-5945 ) ) Hon. Sunil R. Harjani |
| v. | ) Hon. Mag. Daniel P. McLaughlin ) |
| LUCIAN TESSMANN, et al. | ) ) |
|           Defendants. | ) |

**DEFENDANT LAKE COUNTY'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL
BRIEFING IN SUPPORT OF HIS MOTION FOR RECONSIDERATION**

Defendant Lake County, by and through its attorneys, The Sotos Law Firm, P.C., respond in opposition to Plaintiff's supplemental briefing in support of his motion for reconsideration of the Court's order (Dkt. 214) denying Plaintiff's third motion to amend his complaint. (Dkt. 166.) In support thereof, Defendant states as follows:

**INTRODUCTION**

This Court instructed Plaintiff to provide case law supportive of his position that amending the Complaint to add Ms. Huller as the defendant Administrator for the Estate of Nancy Jones is appropriate in light of the potential conflict of interest.[1] (Ex. 1, March 19, 2025 hearing transcript, at 41:2-13)(*see also*, Dkt. 209.) Plaintiff not only failed to provide the authority requested by the Court, but he erroneously attempted to shift both the blame and burden to Defendants and this Court for his procedural shortcomings. This amendment is wholly improper under both Fed.R.Civ.P. 15 and 16, and Plaintiff's Motion to Reconsider should be denied.

---

[1] Additionally, the Court asked for the supplemental briefing to consider Fed.R.Civ.P. 25, if applicable. (Dkt. 209.) As Plaintiff stated in his supplemental briefing, Rule 25 is inapplicable here. (Dkt. 214 at § 1.)

**ARGUMENT**

Federal Rule of Civil Procedure 15(a)(2) governs the standard for amending pleadings after the permitted time by rule has lapsed, providing that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court retains discretion to deny leave for good reason, such as "futility, undue delay, prejudice, or bad faith." *Moran* v. *Calumet City*, 54 F.4th 483, 500 (7th Cir. 2022) (quoting *Law Offs. of David Freydin*, *P.C.* v. *Chamara*, 24 F.4th 1122, 1133 (7th Cir. 2022) (internal citations omitted). When an amended complaint is filed after the deadline set by court order, as has occurred here, the court should also address whether the good-cause standard of Fed.R.Civ.P. 16(b)(4) is satisfied. *Freeman v. Ocwen Loan Servicing, LLC,* 113 F.4th 701, 708 (7th Cir. 2024).

On March 19, 2025, following an oral argument on Plaintiff's motion to reconsider, this Court entered the following Minute Order requesting supplemental briefing:

> [T]he supplemental briefing should focus on whether allowing a Rule 15 amendment is appropriate in light of the potential conflict of interest issues… The parties should also focus on case law in the 7th circuit and its district courts that either support or do not support allowing the amendment Plaintiff seeks here.

(Dkt. 209.) Lake County maintains its position that Plaintiff's request to amend is subject to the "good cause" standard of Fed.R.Civ.P. 16 and that Plaintiff's heavy burden here is to demonstrate that the Court committed a manifest error of fact or law in finding that no good cause was demonstrated. *Brownlee* v. *Catholic Charities of Archdiocese of Chi.*, No. 16-CV-00665, 2022 WL 602535, at *2 (N.D. Ill., 2022) (noting motions to reconsider are "disfavored, and a party asserting that the court committed a manifest error of fact or law bears a heavy burden.")(citation and internal quotation marks omitted). No such error has been demonstrated.

2

(*See*, Dkts. 187, 200.) Rather, what Plaintiff has actually done in his motion to reconsider is seek forgiveness for *his own* errors.

Even still, this Court made a simple request that Plaintiff provide authority indicating that this amendment is appropriate under Fed.R.Civ.P 15. Plaintiff has provided no authority to support the amendment he seeks.

### A. Huller's Disqualifying Conflict of Interest Should Be Deemed Dispositive Under Fed.R.Civ.P. 15.

Defendants have already addressed that the proposed amended complaint (1) is the product of undue delay; (2) is futile;[2] and (3) will result in severe prejudice to Defendants. (*See generally,* Dkt. 187.) Defendants need not rehash those arguments here. However, Plaintiff continues to ignore the issue posed by Defense Counsel at the March 19 hearing, which is his complete lack of any demonstrable effort to re-open the Jones Estate or amend his complaint to include a proper party from the time his conviction was vacated in September 2022 until shortly before he made his first filing in Jones' probate matter in January 2024. This nearly sixteen-month delay is inexcusable and unsupported by any colorable good cause.

In his recent filing, Plaintiff seeks to overcome Defendant's prejudice argument by stating that the conflict is only a potential conflict, and no prejudice has been articulated by Defendants. This is absurd. In an effort to bolster this baseless contention, Plaintiff cites three inapposite cases—*Guillen, Ellis, and Clay*—wherein the court analyzed the issue of attorney disqualification based upon a conflict in representation under the Model Code of Professional

---

2 It should be noted that the claims against Jones are likely also futile as she appears to have been sued solely for the testimony she provided at Plaintiff's criminal trial, a claim for which she has absolute immunity. (*See*, *Briscoe* v. *LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983)(the Court basing it's ruling on the absolute common law immunity granted to witnesses in judicial proceedings)(*see*, also *Curtis* v. *Bembenek*, 48 F.3d 281, 285 (7th Cir. 1995))("witness immunity is accorded to encourage full disclosure as a means of ascertaining the truth.")

3

Responsibility and the Rules of Professional Conduct for the Northern District of Illinois, an issue not presented here. (Dkt. 214 at §§ B3-4); *Guillen v. City of Chi.*, 956 F. Supp. 1416 (N.D. Ill. 1997); *Ellis v. City of Calumet City*, No. 10 C 7238, 2011 WL 4382452 (N.D. Ill. Sept. 15, 2011); *Clay v. Doherty*, 608 F. Supp. 295 (N.D. Ill. 1985). None of these cases address Fed.R.Civ.P. 15.

This Court has the discretion to deny leave to amend when a proposed amendment is deficient. *Pension Trust Fund for Operating Engineers v. Kohl's Corp.*, 895 F.3d 933 (7th Cir. 2018). Ms. Huller works for Plaintiff's counsel's firm. As Plaintiff's counsel noted, she was not appointed in a solely personal capacity. Rather, she was appointed at the very address of her employer, where Herman Williams' attorneys work and where his case is being litigated. Defendants need not demonstrate that Huller *will* breach her fiduciary duty when her duty to the Estate is inherently in conflict with her employment at Plaintiff's counsel's law firm. That is the entire point of identifying a conflict *before* harm is incurred. Defendant Lake County agrees with Defendant Gurnee's position that Plaintiff has egregiously misinterpreted Illinois law on this point. (Dkt. 215 at Sec. (C)(1).) Rather than belabor the point, Lake County incorporates Gurnee's argument on this point as its own. (*Id*.)

To be abundantly clear, Plaintiff has alleged that all Defendants entered into a conspiracy with Ms. Jones to violate Plaintiff's constitutional rights and he has further alleged that Defendant Lake County should be required to indemnify Ms. Jones. (Dkt. 135 at Count 5, Count 11.) Both of those claims are disputed. All Defendants—who stand the risk of joint and several liability—will be prejudiced by Ms. Jones's defense being controlled by an administrator who has an adverse interest against them by virtue of her active employment by Plaintiff's attorneys who are litigating this case, and it is unclear why Plaintiff continues to disregard the

irreconcilable disconnect between the need for these claims to be zealously defended and the glaring conflict in his office manager being the individual tasked with this duty. If Ms. Huller is permitted to serve as a defendant, it will make coordination among the defendants virtually impossible and any disclosure of privileged materials to Huller would amount to Defendants sharing privileged information with Plaintiff's counsel's law firm.

Moreover, Plaintiff's recent filings and arguments before this Court solidify the futility of the proposed amendment and undue prejudice the defendants will certainly suffer as a result, while also highlighting Plaintiff's undue delay in seeking an amendment, further sealing the fate of his Rule 15 motion. This is evidenced by Plaintiff's: (1) voluntary choice to inject Huller and this conflict into the proceedings; (2) lack of candor regarding Huller's relationship to his lawyers; and (3) minimization of the conflict. These are addressed in turn below.

To begin, Plaintiff has claimed that Huller's appointment was a last resort, but this is simply not true. Plaintiff could have chosen from a host of disinterested individuals to propose as administrators, including engaging a third-party law firm or service, and he had ample time to do so. As Defendant Gurnee has pointed out—this conflict is one of Plaintiff's creation. Not only did Plaintiff choose to inject a conflict into these proceedings, but he did so at every turn while being allusive with the probate court, this Court, and the Defendants about Ms. Huller's employment. Plaintiff's Counsel John Marrese and the law firm of Hart, McLaughlin & Eldridge, LLC—the very attorneys handling this matter—are also handling proceedings in connection with Jones's Estate in the probate court on behalf of Plaintiff. Despite this, when asked by this Court whether the probate judge knew that Ms. Huller was the office manager for Plaintiff's counsel's law firm at the time of appointment, his response was evasive, stating only that the judge knows *now* because the issue has been raised by Lake County. (Dkt. 214-3 at 39:4-

15.) Yet, in this very same hearing, Plaintiff relied heavily on the ruling of the probate court that Huller was "an appropriate" administrator. (*Id*. at 8:7-9:21.)

To be sure, Plaintiff's counsel's evasion did not begin with the March 19, 2025 hearing. When Defendants were notified of the proposed amended complaint on September 3, 2024, Plaintiff's counsel did not disclose Huller's employment relationship with its law firm. (Ex. 2, Sept. 3-4, 2024, Email correspondence between the parties.) Instead, the undersigned learned of Ms. Huller's employment through a Google search. (*Id*.) Upon discovery, the undersigned immediately emailed Plaintiff's counsel on September 4, 2024, seeking clarification as to whether Ms. Huller worked for Plaintiff's counsel, but Plaintiff's counsel refused to respond. (*Id*.) It was the undersigned who had to apprise this Court of the employment relationship, first by email, and then at the hearing on September 5, 2024. (Ex. 3, Sept. 4, 2024, Email correspondence to the Court.)

Plaintiff's counsel's evasion continues to this day. In his supplemental brief, Plaintiff claims only that Ms. Huller's *address* was disclosed in probate filings as One South Dearborn, the same as counsel's law firm. (Dkt. 214 at 5-6; Dkt. 214-1.) Disclosing an overlapping address in a voluminous filing is not the same as disclosing to the Court that Ms. Huller works for Hart, McLaughlin & Eldridge, LLC. It is clear from the undersigned's review of the record and Plaintiff's tacit admissions that the probate court appointed Ms. Huller without being apprised of her relationship with Plaintiff's counsel's law firm. This of course begs the obvious question: If Plaintiff's counsel truly believes that Huller's employment poses no issue, why have Defendants had to discover and disclose this relationship at every turn?

Plaintiff endeavors to further minimize the undoubted prejudice to Defendants by arguing that: (1) Lake County did not truly advance the conflict argument in the probate court because it

is raised in "less than a page." (Dkt. 214 at 8); (2) the Estate does not have assets to protect; and (3) the burden should now be on Defendants to deal with Plaintiff's missteps.

As an initial matter, this issue *was* raised in the probate proceeding. The sole reason that this serious conflict is not the leading argument in Defendant Lake County's motion to vacate Huller's appointment as administrator is because the main thrust of its argument is that the probate court lacked jurisdiction to reopen Jones's estate at all. (Ex. 4, Lake Co. Mot. to Vacate.)

Second, Plaintiff's assertions that "[t]here are no assets to conserve, protect, recover, or distribute" and that Huller's only role is to "act as the named administrator in the litigation and to pursue and cooperate in its defense" is a convenient hedge on what Huller's duties actually are. (Dkt. 214 at 7.) Plaintiff intends to seek tens of millions of dollars in this lawsuit and to seek indemnification from governmental bodies, including Lake County. The fact that the Estate does not have its own assets does not negate the conflict of Plaintiff's office manager being tasked with defending these claims.

Finally, Jones was not an employee of Lake County. Plaintiff's sole basis for contending that Lake County should be required to indemnify and represent Jones's Estate is an agreement Jones entered into in 2012—nine years after she performed the autopsy relevant to this case—in which there was an indemnification clause. (Ex. 5, Jones 2012 Agreement.) Notably, that agreement expressly affirmed that Jones was an independent contractor, not an employee, and the indemnification clause excluded acts arising outside of the scope of that contract. (*Id*. at ¶¶ (A)8-9.) Defendant Lake County has in no way stepped in on behalf of Ms. Jones before this Court or the probate court. Rather, Lake County's actions to date have been limited to those necessary to ensure that no inappropriate action is taken that could result in a claim of liability against Defendant Lake County.

Plaintiff seems to think it is on Lake County to clean up his mess. (*See, e.g.,* Dkt. 214-3 at 12:18-21.) Plaintiff's argument lacks any accountability for how we got here. It is not up to Defendants to find a proper administrator for Jones or this Court to monitor the propriety of Huller's actions in the face of an obvious conflict. Unsurprisingly, these untenable positions taken by Plaintiff are unsupported by any legal authority. (Dkt. 214. at 12.) Since Plaintiff first sought leave in September 2024, both Defendant Gurnee and Defendant Lake County have been forced to incur expense in multiple briefings and hearings before both this Court and the probate court to clarify the record on Ms. Huller's conflict of interest. Plaintiff had ample time—nearly two years—to seek the appointment of a proper administrator and failed to do so. His conscious choice to seek an administrator with an interest adverse to the estate, to obtain her appointment without disclosure of the potential conflict, and continual multiplication of these proceedings in an effort to minimize the conflict and shift the burden to Defendants to "fix" it, further warrants denial of his requested amendment under Rule 15.

## CONCLUSION

For the foregoing reasons and those set forth in the briefing to date and the March 19 hearing, Defendant respectfully requests this Court deny Plaintiff's Motion to Reconsider.

April 22, 2025

Respectfully submitted,


/s/ Laura M. Ranum
LAURA M. RANUM, Atty. No. 6300636
*One of the Attorneys for Def. Lake County*

THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., #1240A
Chicago, IL 60604
(630) 735-3300
lranum@jsotoslaw.com

8

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that on April 22, 2025, I electronically filed the foregoing **Defendants Lake County's Response to Plaintiff's Supplemental Briefing In Support of His Motion for Reconsideration** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed on the below Service List:

***Attorneys for Plaintiff:***
Steven A. Hart
Carter D. Grant
John S. Marrese
Brian H. Eldridge
Paige Smith
Hart McLaughlin & Eldridge, LLC
1 S. Dearborn Street, Suite 1400
Chicago, IL 60603
(312) 955-0545
shart@hmelegal.com
cgrant@hmelegal.com
jmarrese@hmelegal.com
beldridge@hmelegal.com
psmith@hmelegal.com

Bhavani Raveendran
Sam Harton
Patrick Driscoll
Dana Kondos
Romanucci & Blandin, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654
(312) 458-1000
b.raveendran@rblaw.net
sharton@rblaw.net
pdriscoll@rblaw.net
DKondos@rblaw.net

***Attorneys for Defendants Village of Gurnee and and Kimberly Garofalo Administrator of Estate of Gregory Garofalo:***
Michael E. Kujawa
Deborah A. Ostvig
Schain, Banks, Kenny & Schwartz, Ltd.
70 W. Madison Street, Suite 5400
Chicago, IL 60602
(312) 345-5700
mkujawa@schainbanks.com

9

dostvig@schainbanks.com

**<u>*Attorneys for Defendant City of Waukegan:*</u>**
Stephanie E. Weiner
Joseph A. Fay
HeplerBroom LLC
70 W. Madison Street, Suite 2600
Chicago, IL 60602
(312) 205-7742
stephanie.weiner@heplerbroom.com
joseph.fay@heplerbroom.com

**<u>*Attorneys for Defendant Lucian Tessman:*</u>**
Terry A. Ekl
Tracy Stanker
**Ekl, Williams & Provenzale, LLC**
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-0045
tekl@eklwilliams.com
tstanker@eklwilliams.com

**<u>*Attorneys for Defendant Village of Libertyville and Charles Bell:*</u>**
Eileen E. Rosen
Andrew Grill
Brittany D. Johnson
**Rock Fusco & Connelly, LLC**
333 E. Wacker Drive, 19th Floor
Chicago, IL 60606
(312) 494-1000
erosen@rfclaw.com
agrill@rfclaw.com
bjohnson@rfclaw.com

***Attorneys for Defendant Cook County:***
Rebecca J Laue
Jessica L. Wasserman
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-4327
rebecca.laue@cookcountysao.org
jessica.wasserman@cookcountysao.org

***Attorneys for Defendant Lake County Major Crimes Task Force:***
Thomas G. DiCianni
Ancel Glink, P.C.
140 S. Dearborn Street, 6th Floor
Chicago, IL 60603
(312) 782-7606
tdicianni@ancelglink.com

/s/ Laura M. Ranum
LAURA M. RANUM, Atty. No. 6300636
*One of the Attorneys for Defendant Lake County*