*Williams v. Tessman, et al.*
Case No.: 23-CV-5945
File No.: 23-4230

# EXHIBIT 5

## 12187
## PATHOLOGIST AGREEMENT BETWEEN LAKE COUNTY CORONER'S OFFICE
## AND
## NANCY L. JONES, M.D.

This AGREEMENT, made this 21st day of August, 2012, is made and entered into by THE COUNTY OF LAKE, (hereinafter known as "County"), the LAKE COUNTY CORONER'S OFFICE (hereinafter known as "the Coroner") and Nancy L. Jones, M.D. (hereinafter known as the "Physician" or "Pathologist") for the purpose of providing medical examinations and case consultations on behalf of the Lake County Coroner. Now, therefore, it is mutually agreed among the parties hereto as follows:

A. The Pathologist shall:

1. Provide forensic pathology services to the Lake County Coroner's Office where the Coroner determines circumstances exist under which an autopsy or case consultation must be performed. The Coroner will schedule each requested pathological service with Pathologist. Pathologist may decline to perform any autopsy (autopsy used herein shall mean an autopsy requested by the Coroner and agreed to by the Pathologist).

2. Pathologist shall perform autopsies within 24 hours of the Coroner's possession and control of the body.

3. Pathologist will maintain appropriate written documentation regarding the autopsy and/or any other service performed including, but not limited to, preparation of written reports to the Coroner's office within seven (7) days following the autopsy, unless preparation of the report requires toxicology reports. If toxicology and other such reports are required, Pathologist shall prepare written reports within seven (7) days from receipt of toxicology and any other third party report(s).

4. Pathologist shall cooperate with the Lake County State's Attorney's office in matters wherein an autopsy or case consultation performed by Pathologist on behalf of the Lake County Coroner is an issue. The Pathologist's fee for trial preparation, deposition, or trial testimony, shall be paid by the party requesting the additional forensic services with fees and expenses in accordance with the Pathologist's rate. Other parties requesting would be defined as State's Attorney's office and/or Public Defender's office.

5. Pathologist shall not discuss autopsy results/findings with anyone other than representatives from the Coroner's office, the Lake County State's Attorney's office, or the necessary law enforcement agencies, except if required by subpoena, court order or statutory provision (subject to Sections 10 and 11).

DEFS 9223

6. Pathologist shall maintain all qualification and licensure to practice medicine in the State of Illinois throughout the term of this agreement. In the event Pathologist is advised or notified that his/her license to practice medicine in Illinois is revoked, suspended or lapsed (whether temporarily or permanently) Pathologist shall provide notice to the Coroner within 24 hours and this Agreement will terminate immediately, without any further notice or hearing.

7. Pathologist agrees to submit invoices to the Coroner to obtain payment for services. Invoices must be presented to the Coroner in a format which includes, but is not limited to, the following information: (a) the date of the work performed; (b) a description of the services performed; and (c) the amount of said service.

8. The Pathologist understands and agrees that the relationship of the Pathologist to the Coroner arising out of this contract shall be that of an independent contractor and Pathologist will not be considered an employee of the Coroner or of Lake County within the meaning or the applications of any national, provincial, state or local laws or regulations including, but not limited to, laws or regulations covering unemployment insurance, old age benefits, worker's compensation, social security, industrial accident, labor or taxes of any kind. It is also understood and agreed that Pathologist shall not be considered a Lake County employee within the meaning or application of the County's employee fringe benefit programs for the purpose of vacations, holidays, pension, health insurance, worker's compensation insurance and liability insurance, unemployment insurance, old age benefits, group life insurance, accidental death, medical, hospitalization, and surgical benefits.

9. Pathologist agrees that as an independent contractor, he/she shall be personally and directly liable for all tax liability that accrues to the Pathologist as a result of said payments under any federal, state, or local law. As such, Coroner shall not take any withholdings from the payments made to the Pathologist for the purpose of Social Security or federal and state income tax liability.

10. Pathologist shall immediately notify Coroner if Pathologist is served with civil papers for deposition, trial appearance, or as a party in a lawsuit, for matter relating to Pathologist's service to the County.

11. Pathologist will fully cooperate with the Lake County Risk Department and the Lake County State's Attorney should Pathologist be served with civil papers for deposition, trial appearance, or as a party to a lawsuit.

B. The Coroner Shall:

1. Coroner shall compensate the pathologist at $800 for every full autopsy performed, $400 for every partial autopsy performed, and $300 for every case

DEFS 9224

consultation. All autopsies (full and partial) and consultations would be requested by the coroner and defined as:
   a. Full autopsy is a complete examination of the entire body;
   b. Partial autopsy is limited to a certain body region or Organ System that would be determined by the coroner;
   c. Consultation is:
      i. An external examination of a body and issue a cause of death, but no internal exam (organ dissection) and no written report;
      ii. An external exam only (see 1 above) with evidence collection i.e. securing a bullet, obtaining toxicology samples collecting trace evidence and no written report
      iii. Review a coroner's case that not previously involved with and issuing an opinion of cause, manner, and mechanism of death usually in a written report.

For fees not in dispute, Coroner shall make payment to Pathologist within 30 days of receipt of invoice. The Coroner reserves the right to withhold payment due Pathologist hereunder for any Services and Deliverables the performance and acceptance of which is in dispute.

2. Coroner shall provide all equipment, supplies and facilities necessary for Pathologist to perform autopsy.

3. Coroner shall provide one Deputy Coroner to attend all autopsies performed by Pathologist.

4. Coroner shall have tissue, fluid, or other bodily matter collected as part of an autopsy, tested either internally by the Coroner's Office or externally in a lab chosen by the Coroner.

5. Coroner shall pay for all testing ordered by the Pathologist or by a Deputy Coroner related to autopsies.

6. Coroner shall preserve, store and maintain all evidence/samples arising from autopsy conducted by Pathologist in accordance with Coroner's internal policies and procedures.

7. Coroner shall respond to record requests, FOIAs, and subpoenas for documents pertaining to autopsies/work performed by Pathologist.

C. General

1. The term of this agreement is valid for, and has a term of one year from the date of execution hereof, unless (a) extended by written agreement between the parties, or (b) terminated as provided below.

DEFS 9225

2. Coroner may immediately terminate this Agreement for cause and at the sole discretion of the Coroner.
3. Either the Coroner or the Pathologist is authorized to terminate this agreement with or without cause upon 90 days written notice to the other party.
4. In the event the Pathologist's license to practice medicine in the state of Illinois is suspended, revoked or lapsed, or in the event the Pathologist is indicted for, is charge under a criminal information for, or is convicted of a felony crime, the Coroner shall have the authority hereunder to terminate this Agreement immediately, without any prior notice to Physician.
5. Lake County shall defend and indemnify the Pathologist for bodily injury and/or personal injury claims from civil lawsuits arising from the services provided by Pathologist under this Agreement. The County will not, however, indemnify Pathologist for acts arising outside of the scope of this agreement or for willful, wanton, or intentional acts. Further, Lake County will not indemnify the Pathologist for punitive damages. The Pathologist shall indemnify, defend and hold the Coroner harmless from any claims or liabilities, including attorney's fees and costs of litigation, to the extent caused by a breach of said responsibilities by Pathologist.
6. The Parties agree that any and all litigation surrounding this contract will be filed and litigated exclusively in the 19th Judicial Circuit Court of Lake County, Illinois, and that Illinois law will control.
7. The Parties agree that the services shall be performed by Pathologist without direct supervision by the Coroner and the Coroner shall not exercise supervision, control or direction of Pathologist as to the means and methods for services provided by Pathologist. Pathologist will not have any authority, express or implied, to commit or obligate the Coroner in any manner. Additionally, the Services provided by Pathologist are personal in nature. As such, Pathologist cannot assign, subcontract or otherwise transfer Pathologist's obligations under this Agreement without the Coroner's prior written consent.

Executed by the parties hereto on the date(s) indicated.

LAKE COUNTY

_RuthAnne Hall_
RuthAnne Hall
Purchasing Agent
Lake County, IL

9/6/12
Date

PHYSICIAN

_Nancy L. Jones, MD_
Nancy L. Jones, M.D.

September 1, 2012
Date

DEFS 9226