# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HERMAN WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | CASE NO.: 1:23-cv-05945 |
| ) | |
| v. ) | Honorable Sunil R. Harjani |
| ) | |
| LUCIAN TESSMANN, *et al*. ) | JURY DEMANDED |
| ) | |
| Defendants. ) | |

## THE GURNEE DEFENDANTS'
## 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS

NOW COME Defendants, Kimberly Garofalo as former Independent Administrator of the Estate of Gregory Garofalo, Deceased, and Village of Gurnee (hereinafter jointly, the "Gurnee Defendants") by and through one of their attorneys, DEBORAH ANNE OSTVIG of SCHAIN, BANKS, KENNY & SCHWARTZ, LTD., and pursuant to Federal Rule of Civil Procedure 12(c) present their Motion for Judgment on the Pleadings and state as follows:

## PROCEDURAL HISTORY

Plaintiff filed an eleven-count Second Amended Complaint against various defendants including the Village of Gurnee and Kimberly Garofalo purportedly as Independent Administrator of the Estate of Gregory Garofalo, Deceased, which, at the time of filing, was closed. [Dkt. No. 135.] Plaintiff made constitutional and state law claims against the "Estate of Gregory Garofalo, Deceased." [Counts 1, 2, 5, 6 – 9 of Dkt. No. 135.] In addition, based on the Decedent's former status as an employee of the Village, Plaintiff made state and federal conspiracy claims against the Village of Gurnee, as well as *respondeat superior* and indemnification claims. [Counts 5, 9-11 of Dkt. No. 135.] Plaintiff did not file any *Monell* claims against the Village of Gurnee.

11748763.1

Gurnee Defendants filed their answer and affirmative defenses in response to Plaintiff's Second Amended Complaint. [Dtk. 139.] Specifically, Gurnee Defendants denied that Kimberly Garofalo was the administrator of the Garofalo Estate as the Estate was closed in 2017. [Dkt. No. 139, p. 6, para. 17.] Gurnee Defendants also pled a vicarious liability affirmative defense stating that as a matter of federal law the Village of Gurnee cannot be liable for the acts or omissions of its agents on a theory of *respondeat superior*. Similarly, the Village of Gurnee also pled that as a matter of state law, it cannot be held liable if its agents are not liable pursuant to the Illinois Tort Immunity Act.

In September of 2024, Plaintiff filed an emergency motion to amend his complaint in order to replace the closed Defendant Estate's former administrators with Annette Huller as the new administrator for the recently reopened Defendant Estates. Plaintiff made a similar motion with respect to another defendant, the Estate of Nancy Jones. Without doing so, Plaintiff would not have viable claims against the Defendant Estates or the municipalities who allegedly employed the Decedents. [Dkt. 166.] In Plaintiff's Emergency Motion he stated that:

> Plaintiff and his attorneys filed affidavits stating that they are not seeking any assets from the Estates and will never seek any money from the Estates should Plaintiff obtain a judgment against the Jones Estate or Garofalo Estate in this matter. **Plaintiff and his attorneys would only seek compensation for any judgment against the Estates from an insurance policy or indemnity agreement from the decedents' former employers**.

[Dkt. 166, para. 6.] Plaintiff also stated that:

> Because no assets are being sought from the Estates directly, **the sole purposes of the re-opening and appointment is to ensure that they are viable Defendants** in this case and **to preclude any argument from Defendants that they cannot be held liable because their Estates were not reopened**.

[Dkt. 166, para. 7.] After the parties briefed the issues, the Court denied Plaintiff's motion to further amend his Complaint and the subsequent motion to reconsider. [Dkt. Nos. 193 & 232.]

2

Additionally, subsequent to this Court's May 27, 2025 order, the Illinois Second District Appellate Court vacated the orders reopening the Estate of Gregory Garofalo, thereby effectively closing the Estate. [Illinois Second District Appellate Court's June 16, 2025 order attached hereto as Exhibit A.]

## **PREFATORY STATEMENT**

Under Rule 12(c), a party may move for judgment on the pleadings. *See Fed.R.Civ.P*. 12(c). "Like Rule 12(b) motions, courts grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff[s] cannot prove any facts that would support [their] claims for relief.'" *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir.1998) (*quoting Craigs, Inc. v. Gen. Elec. Capital Corp*., 12 F.3d 686, 688 (7th Cir.1993)). Thus, to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved. *N. Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d at 452. (citations omitted). The facts are viewed in the light most favorable to the nonmoving party, but facts set forth in the complaint that undermine the plaintiffs' claims are not ignored. *Id*. In other words, when assessing the facial plausibility of a claim, the court draws all reasonable inferences and facts in favor of the non-movant but does not need to accept as true any legal assertions. *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017).

The pleadings referenced in Rule 12(c) include the complaint, the answer, and any written instruments attached as exhibits. *N. Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d at 452–53. "Written instruments" include documents such as affidavits, letters, contracts, and loan documentation. Id. at 453. The Court may also consider information that is subject to judicial notice. *Kuebler v. Vectren Corp.,* 13 F.4th 631, 636 (7th Cir. 2021); *Williamson v. Curran*, 714 F.3d 432, 441–43 (7th Cir.2013) (the court may also take judicial notice of matters of public record); *Geinosky v. City of Chi*., 675 F.3d 743, 745 n. 1 (7th Cir.2012).

3

The motion challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir.1997). Judgment is warranted if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *Gen. Elec. Capital Corp.*, 128 F.3d at 1080. The essence of the motion is not that the plaintiff has pleaded insufficient facts, it is that even assuming all of the facts are accurate, the plaintiff has no legal claim. *Payton v. Rush–Presbyterian–St. Luke's Med. Ctr.,* 184 F.3d 623, 627 (7th Cir.1999).

Throughout the course of litigating his motion to amend the Second Amended Complaint and the subsequent motion to reconsider, Plaintiff admitted again and again that the denial of his motions would result in non-viable claims against the respective Estates and the municipalities who allegedly employed the Decedents. [See generally Dkt Nos. 166, 195, 202, and 214.] Moreover, Plaintiff admitted that the Defendant Estates were the only way to the pockets of the respective municipalities. Specific admissions by Plaintiff include but are not limited to:

- The thing I will say is in order to reopen these estates, we had to attest and we are attesting that now -- I've executed affidavits, Herman Williams has as well – stating that we are not seeking any money whatsoever from those estates. We're not seeking to disturb the status quo in any respect whatsoever. If we are able to get a judgment in this case against either estate, **payment would only come from an insurance policy or indemnity agreement to the extent they exist**. And so it is simply to use **these orders to substitute the administrators and get an amended complaint on file without any statute of limitations issue**. I can answer any questions that your Honor has but that is the bottom line. [Transcript of Proceedings from September 5, 2024, p. 7:9-20 attached hereto as Exhibit B.]

- The Court's order denying Plaintiff's amendment **means that Plaintiff cannot pursue his wrongful conviction claims against Dr. Nancy Jones and Gregory Garofalo**. Those Defendants **currently are named improperly** and, therefore, **there is no viable claim against them**. [Dkt. No. 195, p. 4]

- [B]ecause the sole purpose for being named head of the estate is to be

4

    sued in federal court. Of course, not for any money. This estate is never going to be disturbed. We can never take a penny from any of these estates or disturb their status quo. **The sole purpose, right, is to have a defendant for judgment**. [Transcript of Proceedings from March 19, 2025, p. 10:2-7 attached hereto as Exhibit C.]

- The Court: **the reason why you want a judgment against a defendant, you think it will be satisfied by what, indemnification or something like that**? MR. MARRESE: Or an insurance policy, **yes**, Your Honor. [Ex. C, p. 10:11-15.]

Now, despite Plaintiff's counsel's admissions, this Court's rulings, and the Illinois Second District Appellate Court order vacating the order reopening of the Garofalo Estate, Plaintiff has failed to dismiss Kimberly Garofalo, the Garofalo Estate and the Village of Gurnee from this lawsuit. However, Plaintiff's inaction does not preclude the Gurnee Defendants from requesting that this Court dismiss them from this matter.

Plaintiff's failure to substitute Kimberly Garofalo or some other person as the administrator of the Garofalo Estate renders his claims against the Garofalo Estate moot, for an estate cannot be sued in the absence of an administrator acting on its behalf. Plaintiff's claim against the Estate, moreover, by Plaintiff's own admission, is now beyond the statute of limitations, and any further amendments to the Complaint are beyond the deadline set by the Court for amending. Likewise, Plaintiff's claims against the Village of Gurnee are also moot. Plaintiff's indemnity and *respondeat superior* claims as well as his federal and state law conspiracy claims against the Village of Gurnee fail because those claims are derivative claims; if there are no viable claims against the Garofalo Estate, Plaintiff has no viable claims against the Village of Gurnee. Thus, this Court should grant the Gurnee Defendants' Motion for Judgment on the pleadings dismissing all claims against them with prejudice.

**ARGUMENT**

**I.    PLAINTIFF'S CLAIMS ARE NOT VIABLE AGAINST THE ESTATE OF GREGORY GAROFALO.**

Under long-established Illinois law, "estates are not natural or artificial persons and lack capacity to sue or be sued. . . . For this reason an action against the estate must be brought against the administrator or executor as representative of the estate and not against the estate itself." *Precision Components, Inc. v. Estate of Kuntz*, 112 Ill. App. 3d 309, 310 (1st Dist. 1983). Hence, by failing to identify and bringing into the lawsuit a valid administrator of the Estate, Plaintiff has no claim against the Estate of Gregory Garofalo that can be pursued. *See also Ezell v. City of Chicago*, No. 18 C 1049, 2020 WL 535130, at *4 (N.D. Ill. Jan. 17, 2020), report and recommendation adopted, No. 18 C 1049, 2020 WL 2092876 (N.D. Ill. May 1, 2020) citing *United States v. Stavros*, 2002 WL 31545918, at *2 (N.D. Ill. 2002) ("Under Illinois law, the capacity of an estate to be sued is limited. The real problem is that if there is no estate to be sued, a court would have no authority to adjudicate claims against it"); *In re Estate of Gebis*, 186 Ill. 2d 188, 196 (1999)(court lacks authority to adjudicate a claim against a decedent's estate that does not exist). *See also, Sopron v. Cassidy*, No. 19-CV-08254, 2022 WL 2316204, at *3 (N.D. Ill. June 28, 2022) ("if a person is already dead when an action is asserted against him or her, the proceedings will not invoke the trial court's jurisdiction, and any judgment entered in the case will be a nullity"); *McCue v. Colantoni*, 80 Ill. App. 3d 731, 737, 400 N.E.2d 683, 687 (1980) ("a dead person cannot be party to a lawsuit, and an action filed against a dead person does not invoke the jurisdiction of the court").

Plaintiff's claims fail against the Estate of Gregory Garofalo because, as outlined above, Plaintiff, within the statutory period and the time set by this Court, has failed to bring viable claims against the Estate by naming a valid administrator as a defendant. As a result, this Court should

dismiss Counts 1, 2, 5, 6 – 9 of Plaintiff's Second Amended Complaint against Kimberly Garofalo and the Estate of Gregory Garofalo. with prejudice.

## II. BECAUSE PLAINTIFF'S SECTION 1983 CLAIMS FAIL AGAINST THE ESTATE OF GREGORY GAROFALO, HIS INDEMNITY CLAIMS FAIL AGAINST THE VILLAGE OF GURNEE.

Section 1983 liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. *Burks v. Raemisch*, 555 F.3d 592, 593–94 (7th Cir. 2009). As a result, a municipality cannot be held liable for the actions of individual employees under § 1983 based on a theory of *respondeat superior*. *Monell v. Department of Soc. Servs. of the City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Under Section 1983, "a municipality cannot be found liable if there is no finding that the individual officer is liable on the underlying substantive claim." *Durkin v. City of Chicago*, 341 F.3d 606, 615 (7th Cir. 2003) citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986).

Additionally, under the Illinois Tort Immunity Act, the Village of Gurnee cannot be held liable for the acts or omissions of its agents if its agents are not liable. Specifically, 745 ILCS 10/2-109 provides: "A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." *See also* 745 ILCS 10/2-204. In this case, neither the former employee, Gregory Garofalo, nor his Estate can be held liable, so neither can the Village of Gurnee.

Thus, this Court should dismiss Plaintiff's claims for indemnification (Count 11) of Plaintiff's Second Amended Complaint against the Village of Gurnee with prejudice.

## III. PLAINTIFF'S *RESPONDEAT SUPERIOR* CLAIM FAILS AGAINST THE VILLAGE OF GURNEE

*Respondeat superior* is not an independent cause of action. *Slabon v. Sanchez*, No. 15-CV-8965, 2021 WL 4146909, at *29 (N.D. Ill. Sept. 13, 2021), aff'd, No. 21-2729, 2023 WL 3451274

(7th Cir. May 15, 2023); *Simon v. Northwestern Univ.*, 183 F. Supp. 3d 908, 919 (N.D. Ill. 2016) ("respondeat superior is not an independent cause of action, and must be predicated on an underlying tortious act by the accused's employee or agent."); *Ross v. Univ. of Chi.*, 2018 WL 6448464, at *10 (N.D. Ill. 2018); *Cole v. Meeks*, 2018 WL 4682297, at *9 (C.D. Ill. 2018); *Wilson v. Edward Hosp.*, 2012 IL 112898, 367 Ill. Dec. 243, 981 N.E.2d 971, 980 (2012) ("vicarious liability is not itself a claim or cause of action."). "That is, respondeat superior is not a claim that can stand on its own two feet. It is a theory of vicarious liability. Respondeat superior is a basis for holding one person responsible for someone else's acts." *Slabon*, No. 15-CV-8965, 2021 WL 4146909, at *29. *See also, Moy v. Cnty. of Cook*, 159 Ill. 2d 519, 524, 640 N.E.2d 926, 928 (1994) (when an action is brought against a master based on allegedly negligent acts of the servant and no independent wrong is charged on behalf of the master, liability is entirely derivative, being founded upon the doctrine of respondeat superior.) Additionally, the respondeat superior claim against the Village of Gurnee, Count 10, is governed by the same Tort Immunity Act provision cited above, 745 ILCS 10/2-109, that provides a basis for dismissing the Section 1983 claim. The Village of Gurnee cannot be found liable unless its former employee is found liable, and its former employee cannot be found liable.

Thus, similar to the Gurnee Defendants' indemnity argument, because Plaintiff has no viable claims against the Estate of Gregory Garofalo, it has no viable respondeat superior claims against the Village of Gurnee, and this Court should dismiss Count 10 of Plaintiff's Second Amended Complaint against the Village of Gurnee with prejudice.

    **IV.    PLAINTIFF'S FEDERAL AND STATE LAW CIVIL CONSPIRACY CLAIMS FAIL AGAINST THE VILLAGE OF GURNEE**

"To establish a prima facie case of civil conspiracy [under Section 1983], a plaintiff must show (1) an express or implied agreement among defendants to deprive the plaintiff of his

constitutional rights, and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Washington v. Amatore*, 781 F. Supp. 2d 718, 720 (N.D. Ill. 2011). ***If a plaintiff fails to prove an underlying constitutional injury, any attendant conspiracy claim necessarily fails***. *Lovi v. Vill. of Arlington Heights*, 62 F. Supp. 3d 756, 769 (N.D. Ill. 2014) (emphasis added); *See also Cefalu v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir.2000).

Similarly, a state law civil conspiracy is not an independent tort: ***if a plaintiff fails to state an independent cause of action underlying his conspiracy allegations, the claim for conspiracy also fails***. *Indeck North American Power Fund, L.P. v. Norweb PLC*, 316 Ill. App. 3d 416, 432 (1st Dist. 2000); *See Hulsh v. Hulsh, 2024 IL App (1st) 221521, ¶ 28, 243 N.E.3d 1055, 1064, appeal allowed, 244 N.E.3d 272 (Ill. 2024), and aff'd, 2025 IL 130931; Süd Family Ltd. Partnership v. Otto Baum Co.*, 2024 IL App (4th) 220782, ¶ 60, 474; 237 N.E.3d 1075 (4th Dist. 2024). *See also Jones v. City of Chi.*, No.2011 WL 1898243, (N.D.Ill. May 18, 2011); *Thermodyne Food Serv. Prods., Inc. v. McDonald's Corp.*, 940 F.Supp. 1300, 1310 (N.D.Ill.1996); *Powell v. City of Berwyn*, 68 F. Supp. 3d 929, 950 (N.D. Ill. 2014); *Ezell v. City of Chicago*, No. 18 C 1049, 2020 WL 535130, at *4 (N.D. Ill. Jan. 17, 2020), report and recommendation adopted, No. 18 C 1049, 2020 WL 2092876 (N.D. Ill. May 1, 2020).

In this case, Plaintiff failed to plead any substantive claims directly against the Village of Gurnee. The sole claims against the Village of Gurnee, including the conspiracy claims, are based entirely upon the alleged acts of its former employee, Gregory Garofalo, Decedent. Accordingly, the Village of Gurnee cannot be found liable for any purported conspiracy unless Gregory Garofalo engaged in such conspiratorial conduct. For the reasons set forth above, however, any claims against the Estate of Gregory Garofalo are barred. They are barred because under both *Durkin* and

9

745 ILCS 10/2-109, a municipality cannot be found liable for an alleged Section 1983 or other kind injury if there is no finding of liability against the individual officer or employee.

In addition, because Plaintiff does not have any viable claims against the Estate of Gregory Garofalo, he cannot establish that the Village of Gurnee caused him any constitutional depravation or other harm. The bottom line is that Plaintiff's federal and state conspiracy claims fail against the Village of Gurnee for the same reason his other claims against the Village fail, namely, because Plaintiff's claims against the Estate of Gregory Garofalo are barred. Therefore, this Court should dismiss Counts 5 & 9 of Plaintiff's Second Amended Complaint against the Village of Gurnee with prejudice.

WHEREFORE, Defendants Kimberly Garofalo as former Independent Administrator of the Estate of Gregory Garofalo, Deceased, and Village of Gurnee respectfully request that this Court grant their Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) and dismiss Plaintiffs' claims against them in Counts 1, 2, 5, 6 – 11 of his Second Amended Complaint with prejudice.

Respectfully Submitted,

VILLAGE OF GURNEE and KIMBERLY GAROFALO, as former Independent Administrator of the ESTATE OF GREGORY GAROFALO, Deceased

By:    s/Deborah A. Ostvig
       One of Its Attorneys

Michael E. Kujawa, ARDC# 6244621
Deborah A. Ostvig, ARDC# 6287031
Schain, Banks, Kenny & Schwartz, Ltd.
70 W. Madison Street, Suite 5400
Chicago, Illinois 60602
Phone: (312) 345-5700
Fax: (312) 345-5701
mkujawa@schainbanks.com
dostvig@schainbanks.com

K:\411 - Williams\Pleadings\MJP\Defendants' MJP on Plaintiff's Second Amended Complaint - 06-20-2025.docx

**CERTIFICATE OF SERVICE**

      I, the undersigned, on oath, states that this Certificate of Service and Village of Gurnee and Estate of Garofalo Defendants' 12(c) Motion for Judgment on the Pleadings was filed on June 20, 2025 with the Clerk of the Court using the CM/ECF system, which will send notification of such filings to all e-filing counsels of record in this case, or which will be sent via First Class Mail to those who have not yet appeared.

      By: s/Deborah A. Ostvig