# EXHIBIT B

```
                                                           1
   1            IN THE UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
   2                    EASTERN DIVISION

   3    HERMAN WILLIAMS,            ) Case No. 23 C 5945
                                    )
   4                Plaintiff,      )
                                    )
   5        v.                      )
                                    )
   6    LUCIAN TESSMANN, et al.,    ) Chicago, Illinois
                                    ) September 5, 2024
   7                Defendants.     ) 9:15 a.m.

   8
             TRANSCRIPT OF TELEPHONIC PROCEEDINGS - MOTION
   9             BEFORE THE HONORABLE SUNIL R. HARJANI

  10    APPEARANCES:
        For the Plaintiff:     HART McLAUGHLIN & ELDRIDGE LLC
  11                           BY: MR. JOHN S. MARRESE
                                   MS. PAIGE L. SMITH
  12                           1 S. Dearborn Street, Suite 1400
                               Chicago, Illinois  60603
  13
        For Defendant          EKL WILLIAMS & PROVENZALE LLC
  14    Tessmann:              BY: MS. TRACY L. STANKER
                               901 Warrenville Road, Suite 175
  15                           Lisle, Illinois  60532

  16    For the Lake County    THE SOTOS LAW FIRM PC
        and Vernon Hills       BY: MS. LAURA M. RANUM
  17    Defendants,            141 W. Jackson Boulevard, Suite 1240A
                               Chicago, Illinois  60604
  18
        Court Reporter:        Laura LaCien, CSR, RMR, CRR
  19                           Official Court Reporter
                               219 S. Dearborn Street, Room 1928
  20                           Chicago, Illinois  60604
                               Telephone (312) 408-5032
  21                           laura_lacien@ilnd.uscourts.gov

  22                         *   *   *   *   *

  23           PROCEEDINGS REPORTED BY STENOTYPE
  24    TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

  25
```

```
                                                           2
   1   APPEARANCES:

   2   For Defendants Estate     SCHAIN BANKS KENNY & SCHWARTZ LTD
       of Garofalo and           BY:  MR. MICHAEL E. KUJAWA
   3   Village of Gurnee:             MS. DEBORAH A. OSTVIG
                                 70 W. Madison Street, Suite 5400
   4                             Chicago, Illinois  60602

   5   For Defendants            ROCK FUSCO & CONNELLY LLC
       Libertyville and          BY:  MR. ANDREW J. GRILL
   6   Charles Bell:             333 W. Wacker Drive, 19th Floor
                                 Chicago, Illinois  60606
   7
       For Defendant             HEPLERBROOM LLC
   8   City of Waukegan:         BY:  MS. STEPHANIE W. WEINER
                                 70 W. Madison Street, Suite 2600
   9                             Chicago, Illinois  60602
```

```
                                                           3
   1         (Proceedings heard in open court:)
   2         COURTROOM DEPUTY:  23 CV 5945, Williams v. Tessmann.
   3   Would the parties please state your name for the record
   4   starting with plaintiff's counsel?
   5         Mr. Marrese, you may have to unmute yourself.  I'm
   6   going to go ahead and send you the request now.
   7         (Pause.)
   8         MR. MARRESE:  This is John Marrese for plaintiff
   9   Herman Williams.  Paige Smith is also on the line for Herman
  10   Williams.
  11         COURTROOM DEPUTY:  Counsel for Tessmann?
  12         MS. STANKER:  Good morning, your Honor.  This is Tracy
  13   Stanker on behalf of defendant Tessmann.
  14         COURTROOM DEPUTY:  Do we have counsel for Charles
  15   Fagan?
  16         (Pause.)
  17         COURTROOM DEPUTY:  Ms. Ranum, I'm sending you the
  18   request to unmute.
  19         (Brief pause.)
  20         COURTROOM DEPUTY:  Laura Ranum.
  21         MS. RANUM:  My apologies, your Honor.  This is Laura
  22   Ranum on behalf of defendant Fagan as well as the other Lake
  23   County and Vernon Hill defendants.
  24         COURTROOM DEPUTY:  Defendant Garofalo?
  25         MR. KUJAWA:  Good morning, your Honor.  Michael
```

```
                                                           4
   1   Kujawa, K-u-j-a-w-a, on behalf of defendant Garofalo and
   2   defendant Village of Gurnee.
   3         COURTROOM DEPUTY:  Defendant Bell?
   4         MR. GRILL:  Andrew Grill, G-r-i-l-l, on behalf of
   5   Libertyville and Detective Charles Bell.
   6         COURTROOM DEPUTY:  Do we have counsel for defendant
   7   Randall?
   8         MS. RANUM:  And that -- your Honor, that would be
   9   another Lake County defendant.  Laura Ranum on behalf of those
  10   defendants.
  11         COURTROOM DEPUTY:  I think that's everyone, Judge.
  12         THE COURT:  Okay.  Is there anybody on the Williams
  13   case that has not put their appearance on file, please do so
  14   now.
  15         MS. WEINER:  This is Stephanie Weiner, W-e-i-n-e-r, on
  16   behalf of the City of Waukegan.
  17         THE COURT:  Good morning.  All right.  We're here on
  18   this motion to amend the complaint.  It's not technically an
  19   emergency because of course if I heard it next week, I could
  20   nunc pro tunc this back to prior to September 6th.  But
  21   nevertheless, I thought I'd get everyone on the phone and just
  22   take care of it now.
  23         It's my understanding that at least from the motion,
  24   there were just two parties that were not yet contacted.  I
  25   think the Lake County defendants and the Garofalo estate.  But,
```

5

plaintiff, why don't you give me an update as to where these things stand? This doesn't seem to be controversial. As I understand it, it's just substituting in some different administrators for the ones you have now but maybe you can clear this up for me. Plaintiff, go ahead.

MR. MARRESE: That's correct, your Honor. There are two estates at issue, the Nancy Jones estate; she was the former medical examiner. And the Gregory Garofalo estate; he was a former police officer. Both estates had been opened and closed because these individuals had been deceased prior to Herman Williams' release from prison. Therefore, we had to -- we sued both estates and have, since the beginning, sued both of them.

The Nancy Jones estate, the former administrator was her sister Karen Jones. That's who we had sued. No one came in for her defense. I think there's some dispute as to who should be responsible for the claims against her, but that's neither here nor there at the moment.

The other estate, Mr. Garofalo's estate, has been represented by Mr. Kujawa and Ms. Ostvig who also represent the Village of Gurnee and they have answered the complaint, responded to discovery, and participated in the case throughout. We have some ongoing meet and confers ongoing right now.

The plaintiff had to, because these estates were

6

formally closed, go in and reopen them so I can give you quite a bit of detail. But the bottom line is, the former administrators did -- speaking for the Jones estate, the former administrator did not want to continue to serve in that role. And so after briefing about why we could reopen the estate, figuring out whether the Cook County public administrator would take the administrator role, they declined. We had to nominate our own administrator. You know, we did that. It took quite some time. I began this process in November of 2023 and had been reporting on this in joint status reports to the Court every six weeks or so. And finally on September 3rd -- so just a few days ago this week -- the Court appointed our new administrator. And so, yes, we're just seeking to substitute that person in as administrator for this estate and continue the case.

The Garofalo estate, we filed a petition to reopen and reappoint the former administrator August 6th so about a month ago and that was to reappoint Kimberly Garofalo who is the relation of Mr. Garofalo and who had served as administrator of that estate and had been participating in this litigation for the last year. When I did that through the probate lawyer who is helping us with that and who handled that, I had been in communication with Ms. Ostvig who represents the estates in this case to this point to let her know. It seemed like there wasn't going to be a problem, although she had not committed to

7

me anything, had to talk to her client about whether she was willing to serve as the estate administrator. She was not able to get an answer on that -- Ms. Ostvig wasn't -- and so we had to file an emergency motion for essentially an interim appointment for that estate and we got it on August 29, so last week, and so we're moving to substitute that administrator in for the Garofalo estate. So your understanding was correct at the beginning.

The thing I will say is in order to reopen these estates, we had to attest and we are attesting that now -- I've executed affidavits, Herman Williams has as well -- stating that we are not seeking any money whatsoever from those estates. We're not seeking to disturb the status quo in any respect whatsoever. If we are able to get a judgment in this case against either estate, payment would only come from an insurance policy or indemnity agreement to the extent they exist. And so it is simply to use these orders to substitute the administrators and get an amended complaint on file without any statute of limitations issue. I can answer any questions that your Honor has but that is the bottom line.

And in terms of the parties' positions, as to the Nancy Jones' estate, all parties consented to the amendment except say for the Lake County defendants, which is a number of defendants represented by Ms. Ranum who is on the line. They noted that they'd be objecting so that's the Jones estate. The

8

Garofalo estate, all defendants consented except for the lawyers representing the Garofalo estate in the civil case who informed me that they would be objecting. I don't know that Lake County defendants have taken a position on that estate and so I don't want to say they've consented. I don't know what their position is. That is where things stand right now.

THE COURT: Okay. Just a couple questions. So in terms of this individual Annette Huller or Huller --

MR. MARRESE: Yes.

THE COURT: -- H-u-l-l-e-r, she has been appointed as administrator for the estates by a state court; is that correct?

MR. MARRESE: That's correct.

THE COURT: Okay. All right. The other thing I'm deciding is whether or not this case complaint should be amended to add these two names and substitute for the (audio interruption).

MR. MARRESE: That's correct. And I don't know if it's necessary to note. I would only note that we would welcome -- and we have but were unable to get any traction to this effect, we would welcome -- if the defendants themselves want to substitute a different administrator in, we'd welcome that and work with them on that. That's -- it's not really an issue. It's just to ensure that we have an active viable defendant and substituting to have these administrators in who

Page 9

1  we have orders to serve as an administrator.
2      (Pause.)
3      COURTROOM DEPUTY: This is Lynette, Judge Harjani's
4  Courtroom Deputy. I'm going to double check and see if we're
5  experiencing any having technical issues here. I apologize.
6      (Pause.)
7      COURTROOM DEPUTY: Give us one second, please. We are
8  experiencing just some minor tech issues here.
9      (Pause.)
10     THE COURT: Hi, Lynette. Can you hear me?
11     COURTROOM DEPUTY: Coming in clearly. Yes, Judge.
12     THE COURT: All right. I just left the room and came
13  back so I was trying to solve the issue.
14     So I was talking to plaintiff's counsel. Are you
15  still on the line?
16     MR. MARRESE: Yes. I am, your Honor.
17     THE COURT: Okay. So what I was asking you is you
18  mentioned some other folks that could serve as administrator.
19  That really would happen in the state court, not something that
20  would happen before me; is that right?
21     MR. MARRESE: That's correct, your Honor.
22     THE COURT: Okay. All right. Having heard all of
23  that, is there any -- I'll hear about any objection to this
24  motion if there are any.
25     MS. RANUM: Your Honor, this is Laura Ranum on behalf

Page 10

1  of the Lake County and Vernon Hill defendants. We do object
2  with regard to both defendant Garofalo and defendant Jones; and
3  I know that counsel for Gurnee will have their own position on
4  that, so. But I want to just start out by pointing out that
5  the deadline to amend pleadings was May 6th, 2024, and so this
6  motion comes several months after that without any analysis of
7  the Rule 16 good cause requirement. Plaintiff would have
8  needed to show good cause to do these amendments in an untimely
9  manner which he has not analyzed.
10     Going along with that, there's a direct conflict with
11  this administrator and the defendants in this case. The
12  administrator or at least my understanding is that Ms. Huller
13  is the office manager at Mr. Marrese's law firm. Now I found
14  that online. I emailed plaintiff's counsel and asked him to
15  confirm or clarify. I have received no response to that email
16  but it is on their website. And if that is the case, then
17  Ms. Huller's personal interests are in direct conflict with the
18  defendants in this case. And even though I don't represent
19  defendant Jones or defendant Garofalo, my clients are
20  co-defendants with them and have been accused of being in a
21  conspiracy with them so this is something that will directly
22  impact all of the defendants in this case. And it's unclear to
23  me who would be representing Ms. Huller, how this case would be
24  defended but there's a direct conflict there and Ms. Huller is
25  not suitable to serve as a defendant in this case whether she's

Page 11

1  been appointed as an administrator or not.
2      My further understanding -- and I know that Ms. Ostvig
3  can speak to that further than I can, at least with regard with
4  to Mr. Garofalo, the appointment was limited to certain duties
5  that wouldn't include stepping in as a defendant in a lawsuit.
6  I don't know if that's true for Ms. Jones. I haven't received
7  all those pleadings but we just received notice of this on
8  Tuesday. I've done my best to find as many pleadings as I can,
9  but it's unclear whether the same limited appointment was made
10  with regard to Nancy Jones as was made with Mr. Garofalo. But
11  again, this is a serious issue in our opinion that counsel has
12  had two years to work through this and at the eleventh hour has
13  sought to name his own office manager to defend the case for
14  these two defendants.
15     And with regard to Ms. Jones, she was never -- she
16  never appeared in the case in any respect so I think that the
17  May 6th deadline especially with regard to her should stand.
18  She was not added as a proper party to this lawsuit within --
19  you know, within the time frame set by the Court.
20     THE COURT: Okay. Anybody else on the objections?
21     MR. KUJAWA: Yes, your Honor. Michael Kujawa on
22  behalf of the Garofalo estate and the Village of Gurnee. I
23  second everything that counsel for the Lake County defendants
24  just said.
25     In addition, Kimberly Garofalo on behalf of the

Page 12

1  Garofalo estate has retained a probate lawyer who is
2  challenging the emergency order that was entered just a few
3  days ago reopening this estate. It was done on -- well, it was
4  an emergency petition to reopen the estate but there really was
5  no emergency. It was done without proper notice to
6  Ms. Garofalo and so therefore the order was entered *ex parte*
7  because she did not have an opportunity to have representation
8  there. And the -- it's our position and Ms. Garofalo's probate
9  attorney's position that the order, emergency order appointing
10  Ms. Huller as independent administrator to collect of the
11  estate of Greg Garofalo is -- it's inappropriate and it was
12  improperly entered. So the estate has been improperly reopened
13  and therefore Ms. Huller as this independent administrator to
14  collect is really not a proper party in this civil lawsuit.
15     We could certainly brief this issue and I'd welcome
16  the opportunity to do that. I do think that all of this is
17  premature because today -- I'm hoping today, tomorrow morning
18  at the latest -- the probate attorney will be filing the motion
19  to vacate and/or reconsider the emergency order reopening the
20  Garofalo estate and that will obviously impact how this -- what
21  happens after that in the civil suit here.
22     THE COURT: Okay. Okay. I'm going to allow defendant
23  objectors to brief this matter.
24     So I -- it seems there are other things that you want
25  to raise that really should be raised in state court. For

13

1  present purposes generally speaking, you know, we look at the
2  administrator in federal court as someone that's already been
3  appointed by the state court and we often substitute in that
4  new person.
5      As far as the rule -- you know, the Rule 16 scheduling
6  order issue, as I understand it we're looking at just a name
7  change and not any of the allegations of the complaint and a
8  change in the administrator as a result of orders entered by a
9  state probate court changing the administrator so to me, you
10 know, the deadline isn't really much of my issue.  The issue
11 seems to be whether or not this person should be named as an
12 administrator and it also seems to me that you've got some
13 things going in state court that I'll give you time to sort out
14 and I'll give you time to brief the issue before me.
15     My hope is that you could sort this out amongst
16 yourself rather than spending money and fees on this issue
17 whether it's by agreement on who the administrator is going to
18 be or some way you resolve it in state court.  This seems to me
19 not something that should be in my ballpark.  It should be in
20 your ballpark or the state court's ballpark.  So given that it
21 was an emergency motion and all of this sort of happened this
22 week, I'll just give you some time to let the dust settle and
23 for all of you to figure this out so I'll ask for any objection
24 to the motion will be due by September 20th.  And if for some
25 reason things have not resolved by then and you want the dust

14

1  to settle a little bit more, just file a motion for extension
2  of time.  But for now, I'll look at response briefs by
3  September 20th.
4      And just to make sure I keep track of this matter,
09:55:17  5  Lynette, let's put this on for a telephone status maybe the
6  week of September 30th if that works.
7          COURTROOM DEPUTY:  Give me one second.  I'll check.
8    (Pause.)
9          COURTROOM DEPUTY:  We should be able to come in on
09:55:36 10  that Tuesday, October 1st, at 9:15 by telephone.
11         THE COURT:  Okay.  Hearing no issues, I'm going to
12 move on to the next case but I'll let you sort this out and I
13 hope you're able to do so and I'll talk to you again at the
14 next status.  Okay.  Thank you.
10:14:03 15  (Concluded at 10:14 a.m.)
16
17                  * * * * *
18     I hereby certify that the foregoing is a correct
19 transcript, to the extent possible, of the record of
20 proceedings in the above-entitled matter given the limitations
21 of conducting proceedings via telephone.
22
23 /s/Laura LaCien                April 22, 2025
   Laura LaCien, CSR, RMR, CRR        DATE
24 Official Court Reporter
25